IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Ray Dowdle,                         ) | Civil Action No. 6:10-159-MBS-WMC |
| Plaintiff,    ) | Civil Action No. 6:10-390-MBS-WMC |
| ) | |
| vs.        ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Sheriff Bill Blanton, et al.,    ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

This matter is before the court on the defendants' motions to consolidate these actions on the basis that contain common questions of law and fact and in the interest of judicial economy would best be considered together. The plaintiff, who is proceeding *pro se*, is a pretrial detainee in the Cherokee County Detention Center ("CCDC").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On February 15, 2010, the plaintiff filed a complaint, C.A. No. 6:10-0390-MBS-WMC, alleging that officers in the CCDC removed his shirt while he was in lockup, took newspapers denying him access to the court, and placed him in lockup without sufficient authority. On February 27, 2010, the plaintiff filed a separate suit against some of the same defendants as well as additional defendant employees of the CCDC. The plaintiff was required to amend this complaint before serving, and it was assigned C.A. No. 6:10-0159-MBS-WMC. In that case, the plaintiff alleges that he has been housed in

an unclean cell, he has been sent to lockup without bedding, that his medication has not been appropriately administered, that food service has been improper, and that he has been denied access to the court.

The plaintiff's lawsuits were filed approximately a week apart, and each party in 6:10-0390 is a party of 6:10-0159. The allegations in each complaint attempt to state claims pursuant to 42 U.S.C. § 1983 regarding the conditions of the plaintiff's confinement at the CCDC. As a result, they present common issues of law and fact and would involve the same witnesses and testimony.[1]

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions . . . ." Fed.R.Civ.P. 42(a). Based upon the foregoing, it is recommended that the defendants' motions to consolidate be granted.

s/William M. Catoe
United States Magistrate Judge

May 13, 2010
Greenville, South Carolina

---

[1]The plaintiff has also sued several of these parties in C.A. No. 6:10-0031-MBS-WMC, in which he alleges lack of access to courts and problems with his mail. The defendants have filed a motion for summary judgment in that matter, and at this time are not requesting this suit be joined with the two suits subject to this motion. The plaintiff has also filed five more lawsuits against various employees of the CCDC since January 2010. In case 1:10-441-JFA-SVH, the plaintiff in conjunction with inmate Garron Norris sued employees of the CCDC regarding the debiting of his prisoner account for charges for completing his financial declarations. The court has issued an order requiring the plaintiff to file separately from Norris. In 6:10-cv-00442-MBS, the court pursuant to 28 U.S.C. §1915 dismissed for failure to state a claim the plaintiff's complaint that prisoners in lockup were served chicken patties instead of chicken. In 6:10-cv-00821-MBS-WMC, the plaintiff has sued various CCDC employees alleging lack of access to media, courts, and law library. On April 30, 2010, this court recommended that the complaint be dismissed without prejudice as he makes the same allegations as in two prior cases. In 6:10-cv-00913-MBS-WMC, the plaintiff sued various employees of the CCDC alleging lack of access to religious newspapers, books, and magazines. A summons has not yet been issued in this case. In 1:10-cv-01009-JFA-SVA, the plaintiff, again in conjunction with Mr. Norris, filed suit against CCDC employees regarding the charges for preparing his financial certificates. The court ordered Mr. Norris and the plaintiff to file separately. A summons has not yet been issued in this suit. The defendants state that they anticipate requesting consolidation of these lawsuits as well in the event summonses are issued.