IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Ray Dowdle, | C.A. No. 6:10-159-MBS-KFM |
| Plaintiff, | C.A. No. 6:10-390-MBS-KFM |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| Sheriff Bill Blanton, et al., | |
| Defendants. | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

These actions were consolidated by order of the Honorable Margaret B. Seymour, United States District Judge, filed June 9, 2010 (doc. 31). On July 8, 2010, the defendants filed a motion for summary judgment. By order of this court filed July 9, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff did not respond to the motion; however, on July 14, 2010, he plaintiff filed a motion to produce requesting records of his grievances, his medical records, and unspecified newspapers, magazines, and books. The defendants noted that the discovery requests they received were different than the information requested in the

plaintiff's motion. However, the defendants stated that they would provide the plaintiff with copies of his prior grievances and medical records. This court agreed with the defendants that the plaintiff's request for unspecified newspapers, magazines, and books was not an appropriate request for production and denied the motion by order filed July 30, 2010.

On September 2, 2010, this court issued an order giving the plaintiff another opportunity, through September 22, 2010, to respond to the motion for summary judgment. The plaintiff was advised that if he failed to respond, this action would be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*. Again, the plaintiff failed to file a response to the motion for summary judgment.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder

when the action against them will be resolved. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based upon the foregoing, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b).

s/Kevin F. McDonald<br>
United States Magistrate Judge

September 23, 2010

Greenville, South Carolina